IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

LeRoy K Wheeler,                               )
                                               )
                      Plaintiff,               )        Case No: 2:12-cv-45
                                               )
        vs.                                    )
                                               )        **REPORT AND RECOMMENDATION**
Rena M. DeSautel, Diane J. Manthei,            )            **AND ORDER**
and Mark J. McCarthy,                          )
                                               )
                      Defendants.              )

        Plaintiff LeRoy K. Wheeler ("Wheeler"), an inmate at the North Dakota State

Penitentiary who is proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42

U.S.C. § 1983 (Doc. #9) and a motion to compel discovery (Doc. #10).  When a prisoner seeks

redress from a governmental entity or employee of a governmental entity the court must conduct

an initial review of the complaint prior to service upon the defendants.  28 U.S.C. § 1915A(a).

On initial review the court must identify cognizable claims or dismiss the complaint, or any part

of it, that is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or

"seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §

1915A(b).

        Wheeler was found guilty by a jury of two counts of contributing to the delinquency of a

minor, encouraging the deprivation of a minor, and gross sexual imposition.  See State v.

Wheeler, Grand Forks County, Case Nos. 18-04-K-01644, 18-04-K-01645, 18-04-K-01646.

Wheeler was sentenced to one year imprisonment for the contributing to the delinquency of a

minor convictions, five years imprisonment for the encouraging the deprivation of a minor

conviction, and life imprisonment for the gross sexual imposition conviction, all to run

concurrently.  Id.

Wheeler alleges defendants Rena M. DeSautel ("DeSautel") and Diane J. Manthei ("Manthei"), state court reporters, intentionally altered transcripts of the trial and sentencing hearing. Wheeler contends as a result of the inaccurate transcripts he was denied his rights to meaningful appellate review, due process, and equal protection of the laws. Additionally, Wheeler alleges defendant Mark J. McCarthy ("McCarthy"), Assistant State's Attorney, committed prosecutorial misconduct by contacting a defense witness prior to trial and eliciting testimony on cross examination of the witness about the "Tanner Scale." Wheeler claims he was provided no information regarding the "Tanner Scale" prior to trial. Wheeler requests the court grant him a new jury trial, award him compensatory and punitive damages, order DeSautel and Manthei "to turn over the discs" of the state court proceedings to another court reporter independent of the state for transcription, and order McCarthy to produce all evidence and information relating to the "Tanner Scale." (Doc. # 9, p. 18).

Wheeler's request for a new trial is not appropriate in the context of a § 1983 action. Challenges to the fact or duration of confinement are properly brought through a petition for habeas relief. Habeas corpus provides the exclusive federal remedy for challenges to the fact or duration of confinement. Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). The court will not consider Wheeler's request for a new trial within his § 1983 action.[1]

---

[1] The court notes that Wheeler has raised the same claims alleged in his § 1983 action in a previous federal habeas petition. See Wheeler v. Schmalenberger, D.N.D. Case No. 1:09-cv-3, Doc. # 4, pp. 14-15, 26-27. The court found Wheeler's claims failed on the merits and dismissed the petition for habeas relief. Id. at Doc. #40, pp. 36-37, 48-49; Doc. #43. Wheeler has not obtained authorization from the Eighth Circuit Court of Appeals to file a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A); see also Rule 9 of the Rules Governing Section 2254 Cases.

Assuming without deciding that Wheeler has stated cognizable claims under § 1983, it is **RECOMMENDED** that Wheeler's complaint be **DISMISSED** as frivolous based on the expiration of the statute of limitations. Wheeler received the transcripts of the state court proceedings on November 1, 2005. (Doc. #9, p. 6). After realizing the transcripts were inaccurate, Wheeler made a motion to correct the state court record on November 14, 2005. Id. Wheeler submitted his motion to proceed *in forma pauperis* in this case on June 18, 2012, and after the court granted Wheeler's motion his complaint was filed on July 2, 2012. More than six years and seven months elapsed after Wheeler discovered the alleged inaccuracies in the transcripts before he moved to proceed *in forma pauperis* in the instant action. Similarly, Wheeler's trial, where Wheeler learned about the "Tanner Scale" through the testimony of his witness, concluded on May 6, 2005, more than seven years before he commenced the instant action. Wheeler's claims are time barred.

"The applicable state law statute of limitations governs § 1983 claims." Baker v. Chisom, 501 F.3d 920, 922 (8th Cir. 2007) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980)). North Dakota's six-year statute of limitations applies to § 1983 actions.[2] Carpenter v. Williams County, North Dakota, 618 F.Supp 1293 (D.N.D. 1985). The Eighth Circuit has held that "[a]lthough the statute of limitations is an affirmative defense, a district court may

---

[2] North Dakota has a tolling statute that extends the period of limitations for up to five years for prisoners serving less than a life term. See N. D. Cent. Code § 28-01-25 (1973). Wheeler is serving a life term so the tolling statute does not apply and Wheeler can not be considered under the legal disability of imprisonment. Even if the statute did apply, Wheeler would be deemed to have waived the legal disability and the benefit of the statute based on his repeated *pro se* litigation while in prison. See Runck v. Kutmus, 997 F.2d 399, 401 (8th Cir. 1993).

properly dismiss an *in forma pauperis* complaint . . . when it is apparent the statute of limitations has run." <u>Myers v. Vogal</u>, 960 F.2d 750, 751 (8th Cir. 1992) (district court did not err in *sua sponte* dismissing § 1983 complaint as frivolous because the limitations period had expired).

Turning to Wheeler's motion to compel, Wheeler seeks that the court secure "the electronically stored shorthand notes" taken at his trial and sentencing hearing by DeSautel and Manthei. (Doc. #10). Wheeler requests, as he did in his § 1983 complaint, that the court have an independent court reporter provide transcriptions of the hearings. Because Wheeler's § 1983 action is time barred, his motion to compel (Doc. #10) is **DENIED**.

### Conclusion

It is apparent on the face of Wheeler's complaint that his claims are barred by the statute of limitations. It is **RECOMMENDED** that his complaint (Doc. #9) be **DISMISSED** with prejudice as frivolous. It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*. Finally, Wheeler's motion to compel (Doc. #10) is **DENIED**.

Dated this 30th day of October, 2012.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than **November 16, 2012**, a pleading specifically identifying those portions of the Report and Recommendation and Order

to which objection is made and the basis of any objection.  Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.